IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01833-PAB

DAVID K. RICE, Jr.,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

**ORDER**

    This matter is before the Court on the Order to Show Cause [Docket No. 5]. On July 11, 2013, plaintiff filed a complaint [Docket No. 1] asserting two claims for relief against defendant. Because the complaint contained plaintiff's social security number, the Court ordered plaintiff to notify the Court by Wednesday, July 24, 2013, whether he waived the protections of Rule 5.2(a) of the Federal Rules of Civil Procedure and, if not, to refile a redacted complaint that complies with Rule 5.2(a). Docket No. 3 at 1. Plaintiff did not respond to the order by the deadline of July 24, 2013. In addition, on August 1, 2013, the Court's mailing to plaintiff was returned as "undeliverable." *See* Docket No. 4; *See* D.C.COLO.LCivR 10.1M (noting that a party shall file notice of a new address "[w]ithin five days after any change of address . . . of any attorney or pro se party").

    On August 1, 2013, the Court ordered plaintiff to show cause no later than August 20, 2013, why this case should not be dismissed for failure to respond to Court orders. Docket No. 5. On August 12, 2013, plaintiff filed a notice of change of address.

Docket No. 7. However, plaintiff did not respond to the Court's order to show cause. In addition, despite plaintiff providing a new address, the Court's mailing to plaintiff was returned as "undeliverable." Docket No. 9.

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a party's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by Local Rule 41.1, which states:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. The Tenth Circuit interprets Fed. R. Civ. P. 41(b) as impliedly bestowing the district court with the authority directly conferred by Local Rule 41.1. *See Yates v. Arkin*, 242 F. App'x 478, 482 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Generally, courts consider the following criteria in determining whether a dismissal with prejudice pursuant to Rule 41(b) is warranted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

In this case, dismissal will not prejudice defendant because it has not been served with process or entered an appearance. Thus, the first *Ehrenhaus* factor weighs in favor of dismissal. Second, plaintiff's failure to comply with the Court's orders demonstrates a lack of respect for the judicial process. In addition, the need to issue additional Orders to Show Cause increases the workload of the Court and interferes with the administration of justice. Thus, the second *Ehrenhaus* factor weighs in favor of dismissal.

Third, because plaintiff is culpable for the delay in the prosecution of this case since he did not respond to the Court's orders, the third *Ehrenhaus* factor also weighs in favor of dismissal. Similarly, the fourth *Ehrenhaus* factor weighs in favor of dismissal because the Court specifically warned plaintiff that failure to respond would lead to dismissal. *See* Docket No. 5. Finally, the Court finds that, although plaintiff's conduct cannot be excused, it is not sufficiently egregious to warrant dismissal with prejudice. *See Ehrenhaus*, 965 F.2d at 920 ("Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort") (internal quotation marks omitted). Thus, after considering the *Ehrenhaus* factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is

**ORDERED** that this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute and to obey orders of the Court.

DATED August 26, 2013.

                               BY THE COURT:

                               s/Philip A. Brimmer
                               PHILIP A. BRIMMER
                               United States District Judge